ROBINSON & SONS, INC., Plaintiff,
v.
MISTER DONUT OF AMERICA, INC.,
Defendant.
Civ. A. No. 65–123.

United States District Court
D. Massachusetts.

June 27, 1967.

Roger P. Stokey, Walker B. Comegys, Jr., Goodwin, Procter & Hoar, Boston, Mass., for plaintiff.

Lane McGovern, Frank W. Crocker, Ropes & Gray, Boston, Mass., for defendant.

## MEMORANDUM

MURRAY, District Judge.

This matter came on to be heard upon plaintiff's motion to amend complaint, and was argued by counsel. The com-

plaint alleges defendant's violations of the antitrust laws (15 U.S.C. §§ 1, 2, 14, 15, 26) resulting in injury to the plaintiff for which damages are asked.

The proposed addition of Count II, a claim that defendant has violated the Robinson-Patman Act [15 U.S.C. § 13 (a)], is not objected to.

Defendant objects to the addition of proposed Count III, a non-federal claim alleging breach of certain covenants of its franchise agreement with defendant made on October 7, 1958. The alleged breaches are in respect of (a) prices for the ingredients of the franchised product "in excess of the prices * * * charged other franchised dealers for the same" ingredients, and (b) exclusion of the plaintiff "from all [franchise] promotions and advertising in the Boston area."

■■ The only basis for cognizance by this Court of the claim alleged in proposed Count III lies in the concept of "pendent jurisdiction." See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). All three claims are alleged to arise out of the business relations of the parties under the franchise agreement, and the plaintiff ordinarily would be expected to try all such claims in one judicial proceeding. The federal claims are substantial in that they charge the defendant with violations of federal law relating to (a) monopolies (Section 2, Sherman Act), (b) conspiracy in restraint of trade (Section 1, Sherman Act), (c) exclusive dealing and tie-in sales (Section 3, Clayton Act), and (d), in Count II, price discrimination under the Robinson-Patman Act. There is a "common nucleus of operative fact" present in the claims even though there is not complete identity of facts.

■ The basic dispute between the parties deals with their respective rights under the franchise agreement viewed in the light of the antitrust laws, with the non-federal claims raising questions of defendant's right to discriminate against plaintiff in certain aspects of their contractual business relations arising out of the same agreement. The breach of contract claim is closely intertwined with aspects of antitrust policy. At the pleading stage a comparison of the amount of proof common to both claims cannot be accurately measured, nor can the quantum of proof required to support the non-federal claim. Sufficient appears, however, to suggest that the overlapping proof will be substantial, that judicial economy will be served, and that convenience and fairness to the parties will result from hearing all the claims in this proceeding.

The motion to amend is allowed.